**Ali Esmail ALHARF, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3837–ag.

United States Court of Appeals, Second Circuit.

April 26, 2007.

Edward J. Cuccia, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney; Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

*SUMMARY ORDER*

Petitioner Ali Esmail Alharf, a native and citizen of Yemen, seeks review of a July 18, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Esmail Alharf,* No. A79–130–563 (B.I.A. July 18, 2006), *aff'g* No. A79–130–563 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In this case, the IJ made an adverse credibility finding and an alternative burden of proof finding; however, the BIA appears to have rejected the IJ's adverse credibility finding when it based its decision only on Alharf's failure to meet his burden of proof. Moreover, in its brief the government addresses only the agency's burden of proof finding. Accordingly, we review only that finding, and not the IJ's adverse credibility finding. *See Yan Chen,* 417 F.3d at 271; *see also Jin Yu Lin v. U.S. DOJ,* 413 F.3d 188, 191 n. 4 (2d Cir.2005).

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006).

To establish eligibility for asylum based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000) (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)); *cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (per curiam). In addition to showing a well-founded fear of persecution, eligibility for asylum requires that any claimed fear of persecution be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42). Alharf claims that he will suffer future harm in Yemen based on threats his immediate family received during a family feud with cousins.

In her decision, the IJ found that Alharf had not met his burden of proof because: (1) any subjective fear was not objectively reasonable in light of the fact that he was not in Yemen when the family feud began and his family remains unharmed in Yemen; (2) he did not prove that the government would be unable or unwilling to protect him in Yemen; and (3) any persecution Alharf allegedly fears would not be on account of a protected ground.

We agree with the agency's conclusion that Alharf did not meet his burden of proof. Alharf claims a well-founded fear of future persecution in Yemen based on the continued threats towards his family by his cousin's family. Severe threats of future harm can be sufficient to establish a well-founded fear of future persecution. *See Ivanishvili v. U.S. DOJ*, 433 F.3d 332, 340–41 (2d Cir.2006). However, Alharf has not been to Yemen since before either the bombing or when the family feud began, and he admitted that he did not know what started the feud in the first instance. Although Alharf claims that his family continues to receive threats, there is no indication that they have been unable to live peacefully in the town they have relocated to. Therefore, the agency did not err in finding Alharf's well-founded fear claim diminished where family members who are more directly involved in the feud continue to live in Yemen. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999).

Moreover, persecution may be found when the government, although not itself conducting the persecution, is unable or unwilling to control it. *See, e.g., Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir.2006); *see also Ivanishvili*, 433 F.3d at 342. But the BIA was correct in finding that Alharf had not shown that the government was unable or unwilling to protect him, especially considering the fact that the government investigated the bombing and prosecuted the case. *Cf. Pavlova*, 441 F.3d at 91–92. In fact, Alharf's cousins were arrested and jailed during the bombing investigation.

Alharf, citing *Gonzales v. Thomas*, 547 U.S. 183, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006), argues that the IJ's nexus finding was flawed in that his family can constitute a social group. However, the BIA here did not question Alharf's status as a mem-

ber of a social group comprised of his family, but rather, the BIA found that Alharf did not meet his burden in establishing that he will be targeted based on that association mainly because he was present in the United States during the family feud.

Because Alharf was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, there is no indication from the record that it is more likely than not that Alharf will be tortured in Yemen. Therefore, the agency's denial of Alharf's CAT claim is also supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.